# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DERSE INC.,

        Plaintiff,

v.                                                             Case No. 09-CV-97

HAAS OUTDOORS INC.,

        Defendant.

_____

## ORDER

Nearly two years ago, this case was removed from a Milwaukee County Circuit Court by the defendant, Haas Outdoors Inc. ("Haas"), on the basis of diversity jurisdiction. (Docket #1). In its original complaint, the plaintiff, Derse Inc. ("Derse"), generally alleged Haas failed to pay certain fees under multiple lease and service agreements regarding the leasing of exhibit booths and related equipment for use at various trade shows. On February 13, 2009, the defendant moved this court to stay the action and compel arbitration. (Docket #10). Specifically, Haas asked this court to interpret the relevant "Lease Agreements" and hold that they "require that 'any and all disputes, controversies, or claims of any kind and nature arising out of or relating to' the Leases 'shall be resolved exclusively in accordance with the Federal Arbitration Act,'" necessitating that an arbitration be held in "New Orleans, Louisiana before a panel of three (3) arbitrators." *Id.* at 1. On July 21, 2009, the court issued an order in which the court granted in part and denied in part Haas' motion to compel arbitration, ordering that the case be stayed such that the parties

could proceed with arbitration on the plaintiff's claims arising out of only three of the relevant agreements. (Docket #24).

On October 26, 2010, the plaintiff submitted a letter informing the court that arbitration pertaining to the "SHOT Budget," "SHOT Licensee Budget," and the "Community Lease Agreement" had been completed. (Docket #25). Accordingly, the following day the court lifted the stay issued on July 21, 2009, and asked that the parties confer pursuant to Fed. R. Civ. P. 26(f). (Docket #26). However, on November 12, 2010, nearly two years after this matter was first placed before this court, Haas moved to dismiss this case, arguing that this court lacked *in personam* jurisdiction over the defendant. (Docket #27). The court proceeds to resolve the pending motion in this order.

The first argument Derse raises in its brief is the issue of whether Haas has waived any objection related to personal jurisdiction through the defendant's earlier motion to compel arbitration. Unfortunately, the parties' respective briefs are not terribly helpful to the court. The plaintiff argues that the defendant waived its ability to move for dismissal for want of personal jurisdiction because the court granted the defendant "affirmative relief" in the form of allowing arbitration with respect to three of the agreements at issue in this litigation. (Pl.'s Resp. Br. at 4-6). The defendant responds by arguing that the term "affirmative relief" is limited in scope and by distinguishing the facts of the cases cited by Derse. (Def.'s Reply Br. at 1-5). The problem for the court with the parties' respective briefing is that the debate over what

"affirmative relief" entails: (1) is wholly tangential to the question of what behavior amounts to waiver of the statutory and constitutional requirements that this court have personal jurisdiction over the defendant; and (2) conflates the statutory and constitutional requirements for the court to exercise *in personam* jurisdiction. The court thus takes a slight step back and discusses how waiver implicates any personal jurisdiction analysis.

As a federal court sitting in a diversity case, this court has personal jurisdiction over a "non-consenting, nonresident defendant if and only if a court of the state in which the district court is sitting would have such jurisdiction." *Giotis v. Apollo of Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986). Hence, the first issue the court must resolve is whether the defendant is subject to jurisdiction under the laws of Wisconsin. *Id.; see also Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) ("A federal court sitting in diversity must rely on the law of personal jurisdiction that governs the courts of general jurisdiction in the state where the court is sitting.") Wisconsin law dictates that a court may exercise personal jurisdiction where a party makes an "appearance" and "relief is sought on other matters," as the defendant has waived "the lack of personal jurisdiction objection." *Lees v. DILHR*, 49 Wis. 2d 491, 499, 182 N.W.2d 245, 250 (1971); *see also In re K.J.E.*, 168 Wis. 2d 209, 213, 483 N.W.2d 588 (Ct. App. 1992) ("Under the rules of civil procedure, a defense of lack of personal jurisdiction is waived if not raised in a defendant's answer, in a motion filed before the answer, or in a responsive pleading."); *see generally Bestor v.*

*Intercounty Fair,* 135 Wis. 339, 115 N.W. 809, 809 (1908) ("It is well settled" under Wisconsin law "that if a litigant desires to avail himself of want of jurisdiction of his person he must keep out of court for all purposes except that of objection to jurisdiction . . . if he takes any step consistent with the idea that the court has jurisdiction of his person, such appearance amounts to a general appearance and gives the court jurisdiction for all purposes."). "An objection to the court's jurisdiction is not waived because it has been joined with other defenses or motions, but an appearance of a defendant who does not object to the jurisdiction over his person is an appearance and equivalent to personal service." *Artis-Wergin v. Artis-Wergin*, 151 Wis. 2d 445, 452-53, 444 N.W.2d 750 (Ct. App. 1989) (citing *R.B. Gen'l Trucking, Inc. v. Auto Parts & Serv., Inc.*, 3 Wis.2d 91, 97, 87 N.W.2d 863, 866 (1958)). Wisconsin case law indicates where the defendant requests a "stay of proceedings" with a court, fails to reserve a jurisdictional objection at that time, and then later raises the jurisdictional objection, that defendant has waived its objection to the court's exercise of jurisdiction. *Artis-Wergin,* 151 Wis. 2d at 453 ("We conclude that a party cannot enter an appearance, request affirmative relief from the court, and then later argue that the court was without personal jurisdiction"); *see also Kasubaski v. Kasubaski*, No. 95-0710, 1996 WL 442081, at *1 (App. Ct. Aug. 7, 1996); *Leo's Salons, Inc. v. Deonne's Salon and Day Spa, LLC*, No. 2006AP1563, 2007 WL 1041261, at *4 (App. Ct. April 5, 2007). Accordingly, because Wisconsin law would clearly allow a state court of general jurisdiction to have personal

jurisdiction over the defendant in this matter, this court likewise has personal jurisdiction over the defendant. *Giotis*, 800 F.2d at 664.

Given that personal jurisdiction exists under Wisconsin law, the only remaining issue is whether this court's exercise jurisdiction over the defendant would offend the requirements of the United States Constitution's due process clause. *Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir.1996). Just as with the court's analysis of the statutory obligations with regard to personal jurisdiction, the concept of waiver is implicated with regard to whether this court needs to discuss the substance of a potential due process violation. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents . . . an individual right" protected by the United States Constitution, the requirement can, like other such rights, be waived."). While waiver of a personal jurisdiction defense is often associated with Fed. R. Civ. P. 12(h), waiver can occur beyond the confines of the federal rules, *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914 (7th Cir. 1994), and ultimately, "[t]he actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *Ins. Corp. of Ir.*, 456 U.S. at 704-05.

Here, for reasons similar to the court's earlier analysis, the court finds that Haas submitted to the jurisdiction of this court through its motion to compel arbitration, constituting a waiver of its due process right. First of all, the defendant's earlier motion asked this court to interpret the language of the contract at issue in

this case and order relief in the form of compelling arbitration, an explicit request for this court to exercise its power to affect both the plaintiff and defendant. *See Mississippi Valley Dev. Corp. v. Colonial Enterprises, Inc.*, 300 Minn. 66, 71-72, 217 N.W.2d 760 (1974) (holding that the defendant's filing of a motion to compel arbitration "invok[ed] the power of the court" and waived the defense of lack of personal jurisdiction); *see generally* 1 Robert C. Casad & William B. Richman, JURISDICTION IN CIVIL ACTIONS § 3-1(iii) (3d ed. 1998) ("A demand for arbitration has been held to waive personal jurisdiction defenses"). When a defendant's conduct does not "reflect a continuing objection to the power of the court to act," the defense of lack of personal jurisdiction is waived. *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990); *see also Echo, Inc. v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995) ("The parties consented to personal jurisdiction simply by participating in the proceedings before the district court without protest"); *see generally* RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW OF THE UNITED STATES § 421(3) ("A defense of lack of jurisdiction is generally waived by any appearance . . . for a purpose that does not include a challenge to the exercise of jurisdiction"); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 33 ("A state has power to exercise judicial jurisdiction over an individual who enters an appearance as defendant in an action with respect to a claim that arose out of the transaction which is the subject of the action or is one that may in fairness be determined concurrently with that action.") While this case may be a "closer call" than some of the cases cited by the plaintiff in its response brief,

here, the defendant asked this court to use its power to influence the ultimate resolution of this matter, amounting to conduct that acknowledges the court's *in personam* jurisdiction. Moreover, it is extremely telling that the defendant's central response to the waiver argument was to try to "distinguish to death" the cases proffered by the plaintiff in support, instead of grappling with the legal principle at hand or citing any cases finding that a defendant does not waive the defense of lack of personal jurisdiction by first raising a motion to compel arbitration. The court ultimately finds the plaintiff's position more persuasive.

Second, Haas, by waiting for two years to raise the issue of lack of personal jurisdiction, waived its due process right. The Supreme Court has noted that the defenses related to personal jurisdiction "may be lost by failure to assert it seasonably." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 84 L. Ed. 167, 60 S. Ct. 153 (1939). Apart from whether the defendant has "literally complied" with Fed. R. Civ. P. 12(h), the Seventh Circuit has noted that a party does not comply with the spirit of the federal rules and waives its defense of want of personal jurisdiction through "delay in urging this threshold issue," as such a defendant's behavior "manifests an intent to submit to the court's jurisdiction." *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993); *see also Yeldell,* 913 F.2d at 539 (quoting C. Wright & A. Miller, 5A *Federal Practice and Procedure* § 1342, at 162 (2d ed. 1990)). Here, the court finds the *Continental Bank* opinion not only controlling but persuasive. Haas attempts to distinguish *Continental*

*Bank,* arguing that in that case the defendants "fully participated in the litigation" for two and half years. (Def.'s Resp. Br. at 2). The Seventh Circuit was clear, however, that the extent of the defendant's participation in the litigation was not the central reason for finding waiver: the fact that the defendant did not assert the issue seasonably was dispositive for the appellate court. *Continental Bank, N.A.,* 10 F.3d at 1297. In fact, the Seventh Circuit even noted that "a party need not" even "file an answer or motion before waiver is found." *Id.*

Finally, the court finds that the defendant is likely estopped from asserting the issue of jurisdiction based on the subject matter of its earlier motion to the court. Haas' motion from February 13, 2009 asked this court to do to two things: (1) stay the action pending arbitration; and (2) "direct" or "compel" that "this matter be sent to arbitration in New Orleans, Louisiana." (Docket #10 at 1-2). The power to "stay" an action pending arbitration and the power to "compel" arbitration are distinct, *see Hartford Financial Systems, Inc. v. Florida Software Services, Inc.*, 712 F.2d 724, 728 (1st Cir. 1983) (Breyer, J.) (noting the different sections in the Federal Arbitration Act that allow a court to stay an action and to compel arbitration), as Section 3 of the Arbitration Act authorizes "any of the courts of the United States" in which a suit is pending to "stay the trial of the action until" arbitration has occurred, whereas Section 4 of the Arbitration Act provides the court with the authority to issue an order compelling arbitration if the court would have jurisdiction to hear the dispute save for the arbitration agreement. 9 U.S.C. §§ 3-4. Having made a motion

premised on the idea that this court has jurisdiction to hear the dispute, the defendant cannot now assert that this court lacks jurisdiction. *See* 21 C.J.S. Courts § 111; *see generally Ins. Corp. of Ir.,* 456 U.S. at 704 ("[A] defendant may be estopped from raising the issue [of lack of personal jurisdiction]"). As an aside, the court could not have issued an order "compelling" arbitration under section four of the Arbitration Act, as section four limits the court's power to compel arbitration if the arbitration would occur outside the district in which the court sits. 9 U.S.C. § 4. Section 4's jurisdictional limitation was the reason the language of the court's July 21, 2009 order was limited to "staying" the litigation. (Docket #24 at 10). Nonetheless, the defendant's request that the court compel arbitration was an assertion that the court had jurisdiction to do so.

The defendant has one remaining argument the court feels the need to address with respect to the waiver issue. The defendant argues, without citing to any authority, that "it would defeat the policy favoring arbitration to conclude jurisdiction is waived for any issues determined not to be subject to arbitration simply because Haas moved to compel arbitration." (Def.'s Resp. Br. at 2). This is illogical. The defendant simply needed to assert the personal jurisdiction defense at the outset of this litigation if it wanted to preserve the argument. The court's finding that the doctrine of waiver applies to this matter does nothing to discourage arbitration; rather, the court is merely encouraging parties that wish to raise the personal

jurisdiction and arbitration issues to do so simultaneously and at the pendency of the case.

In short, the court can readily conclude that the defendant waived its rights under the due process clause of the United States Constitution, and the court will deny the defendant's motion.

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss for lack of jurisdiction (Docket #27) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge